## I. MARTIN, LTD., Plaintiff and Appellee, *v.* NORTH BRITISH & MERCANTILE, Defendant and Appellant.

No. 4523.  Argued March 5, 1928.—Decided March 23, 1928.

*O. B. Fraser* and *R. Castro Fernández* for the appellant. *De la Torre & Ramírez* and *J. Martínez Dávila* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

I. Martin, Ltd., brought an action in the district court of San Juan on April 24, 1924, against North British & Mercantile for the collection of a policy. On May 5, 1924, the defendant demurred to the complaint. After that date nothing was done by the parties and on December 30, 1927, the court made the following order:

"More than a year having elapsed without anything having been done by the parties in this action, it is dismissed for abandonment. Let the parties be notified."

The plaintiff moved to reinstate the case for reasons which the court considered sufficient after hearing both parties on the motion and consequently by an order of January 17, 1928, it set aside the judgment of dismissal for abandonment and declared the case open for further proceedings.

On February 7, 1928, the defendant moved to dismiss the case. After hearing both parties on this motion, on February 14, 1928, the court overruled it and from this order the defendant appealed.

The plaintiff-appellee now moves to dismiss the appeal

for the reason that the said order of February the 14th is not appealable, and alleges that the order is not included in section 295 of the Code of Civil Procedure. The defendant-appellant, in its written opposition and at the hearing on the motion, contended that the order appealed from is one entered after final judgment and is covered by said subdivision 3 of section 295.

When for any legal reason a judicial decision of any kind is set aside it can not be invoked as existent and effective for the purpose of appeal. In the present case the judgment of dismissal for abandonment was expressly set aside and can not be considered, after the ruling to that effect, as a final judgment.

The case is not comprised in subdivision 3 of section 295 of the Code of Civil Procedure.

The appeal must be dismissed.